

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 5, 1972

Honorable G. F. Steger
County Attorney
Colorado County Courthouse
Columbus, Texas 78934

Dear Mr. Steger:

Opinion No. M-1166

Re: Does Colorado County have
authority to lease space
outside the county seat
for use as a branch office
by county officials and em-
ployees?

You have requested the opinion of this office regarding
the subject question.

We have carefully examined Article 1605, Vernon's Civil
Statutes, the basic statute regarding location of county offices,
and we find no authority contained therein that would permit the
County of Colorado to lease space outside of the county seat
for use as a branch office of the county. We would note that
Article 1605 and several statutes following contain many special
authorizations for counties within particular population
brackets. All of these statutes have been strictly construed
as permitting only the particular action specified, and none
of them constitute a general authority. See Attorney General's
Opinions WW-1296 (1962), R-2993 (1952), O-697 (1939), and O-243
(1939). You are accordingly advised that it is the opinion of
this office that the County of Colorado does not have the
general authority to lease space outside of the county seat
for use as a branch office for county officials and employees.

However, we would point out that although there is no
authority for Colorado County to lease branch office facilities
outside the county seat, another statute, Article 1605a-3,
Vernon's Civil Statutes, would apply to Colorado County. This
statute is quoted in part as follows:

"Section 1. This Act shall be applicable in
any county in which there is an incorporated city

-5685-

having a population of not less than two thousand (2,000) which is located more than ten (10) miles from the county seat, and shall apply to such city.

"Sec.2.   Any county and city to which this Act is applicable are authorized jointly to own, construct, equip, enlarge and maintain a building in such city to be used for branch offices and library of the county, the justice of the peace, and for a city hall.   The cost of construction thereof shall be paid from current income and funds on hand as provided in the budgets or tax levies of the county and the city."   (Emphasis added.)

According to the 1970 Census, Colorado County contains two cities more than two thousand (2,000) in population, each of which is more than ten miles from the county seat.   It is, therefore, our opinion that Colorado County could utilize the provisions of this statute to enter into a joint enterprise with either the City of Weimar or the City of Eagle Lake, or both, to provide county office space.

We recognize that under the authority of Article 2351, subdivision 7, as interpreted in the case of Dancy v. Davidson, 183 S.W.2d 195 (Tex.Civ.App. 1944, error ref.), certain branch offices may be provided at locations in a county other than at the county seat.   Your request for our opinion does not specify which particular offices are in question; therefore, we do not pass upon the question of whether the Dancy case may be applicable.

S U M M A R Y

The County of Colorado does not have authority to lease space outside the county seat for use as a branch office by county officials and employees.

Article 1605a-3, V.C.S., authorizes the County of Colorado to enter into a joint

enterprise with the City of Weimar or the City of Eagle Lake, or both, for the establishment and operation of branch county offices.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jim Swearingen
John Reeves
Ben Harrison
Scott Garrison

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant